IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN SCHALLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NCS a/k/a NATIONWIDE CREDIT SERVICES, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, STEVEN SCHALLER, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, NCS a/k/a NATIONWIDE CREDIT SERVICES, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. STEVEN SCHALLER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. The debt that Plaintiff allegedly owed was relative to a debt incurred the funds from which were for the personal use of Plaintiff and/or used for household expenditure.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. NCS a/k/a NATIONWIDE CREDIT SERVICES, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Upon information and belief, Defendant's principal place of business is located in the State of New York.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

13. In or around November, 2013, Plaintiff received a telephone call from Ms. Veronica Burris, a duly authorized representative of Defendant, who stated:

> *"My name is Veronica Burris, I am trying to get in contact with Steven Schaller in regards to formal complaints that are being filed against him in the office. Please be advised this is a second and final attempt at trying to reach you in regards to defrauding a financial institution, also a breach of contract. I'm also calling to*

*inform you that it is your legal right to contact the attorney's office who filed that complaint. Their phone number is 877-596-1857, and please have your case number and reference of T-1110397. You have a two hour stay of execution to respond. If you fail to do so, I will be apt to serve you at your home address or your place of employment. Please be advised that all notifications have been documented, and they will be used against you. Steven Schaller you have been officially notified, good luck with your case."*

14. On November 14, 2013, Plaintiff received a telephone call from Ms. Watkins, a duly authorized representative of Defendant, who stated:

*"Hi my name is (inaudible) Watkins, this message is intended for Steven Schaller. (inaudible), Like a review, in reference to a return check charge, and additional charges that are linked to your social security number. My documents are indicating that there has been a violated schedule for the date of November 18th 2013, so if you wish to obtain the evidence regarding these charges, or if you wish to give your verbal statement in your defense I do advise you or your legal advisors to contact our office immediately prior to the local agents being submitted out to Cook County District Court. They will be then issued out to all known addresses on file including your place of employment. The number to the legal department is 877-634-1537 Case Number 1110397."*

15. On December 26, 2013, Plaintiff received a telephone call from Ms. Sandra Park, a duly authorized representative of Defendant, who stated:

*"This recorded message is intended for Steven Schaller. My name is Agent Sandra Park. This is important information for you as a Defendant in case C-1110397. The following date has been scheduled in your case, due to for the neglect, as well as a no contact. So at this time if you wish to obtain the evidence regarding your charges or if your attorney has a statement that needs to be submitted to NCS Legal Services, to clear your name of those pending allegations, it must be submitted no later than 5pm at 1-877-683-1214, you're free to make contact with a legal representative there, we'll go ahead and try your case in your absence as previously scheduled."*

16. The aforementioned statements implied that Plaintiff had committed a crime.

17. The aforementioned statements had the effect of conveying to an unsophisticated consumer that they had committed a crime.

18. During the course of the aforementioned telephone calls to Plaintiff, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt, and that any information obtained would be used for that purpose.

19. The aforementioned statements, in conjunction with Defendant's failure to apprise Plaintiff that it was a debt collector, had the effect of conveying to an unsophisticated consumer that the individual that had contacted Plaintiff on behalf of Defendant was an attorney.

20. The aforesaid individuals are duly authorized representatives of Defendant.

21. Upon information and belief, the aforesaid individuals are not attorneys.

22. At no time during the course of the aforementioned telephone calls to Plaintiff did Defendant provide information relative to Defendant's identity.

23. By stating to Plaintiff that a case had been submitted to "Cook County District Court" and that a file number had been assigned, Defendant conveyed to Plaintiff that a lawsuit had been filed against him.

24. The aforesaid statements had the effect of conveying to an unsophisticated consumer that a lawsuit had been filed in an attempt to collect an alleged debt.

25. None of the telephone numbers that Plaintiff was directed to contact are telephone numbers used by an attorney's office who had allegedly filed a complaint against Plaintiff.

26. The telephone numbers had Plaintiff was directed to contact were telephone numbers used by Defendant to make and receive telephone calls in its ongoing efforts to collect putative debts allegedly owed by consumers.

27. During the course of a telephone call between Plaintiff and Defendant, Defendant's duly authorized representative identified herself as "Agent Sandra Park."

28. Defendant's statement that its representative was an Agent was false, deceptive and/or misleading given that, upon information and belief, Defendant's duly authorized representative was not an Agent.

29. Defendant's statement that its representative was an "Agent" conveyed that Defendant was affiliated with and/or an agent of a police and/or governmental body.

30. Defendant has neither an affiliation with a police and/or governmental body nor is Defendant an agent of a police and/or governmental body.

31. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

32. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

   c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   e. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

 f. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

 g. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

 h. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

 i. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

 j. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

 k. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

 l. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

 m. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

33. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.   JURY DEMAND

34. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STEVEN SCHALLER, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

     a.    All actual compensatory damages suffered;

     b.    Statutory damages of $1,000.00;

     c.    Plaintiff's attorneys' fees and costs;

     d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**STEVEN SCHALLER**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: April 3, 2014

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com